# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

RICARDO D. JENKINS,

        Petitioner,

v.                                                            Case No. 09-CV-713
                                                                                 (07-CR-72)

UNITED STATES OF AMERICA,

        Respondent.

───────────────────────────────────────────────

## ORDER

On October 11, 2007, the court sentenced Ricardo Jenkins ("Jenkins") to a term of 120 months in prison after he was convicted at trial of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 851, and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After filing an appeal (that was ultimately dismissed) with the Seventh Circuit, Jenkins filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Pursuant to Rule 4 of the Rules Governing Section 2255 proceedings, the court must screen Jenkins's petition to determine if he states a claim upon which § 2255 relief may be granted.

If it plainly appears from the face of the motion, and any annexed exhibits and the prior proceedings in the case, that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading. *See* Rule 4, Rules Governing Section 2255

Proceedings. Section 2255 expressly imposes a one-year limitation period for the filing of a motion to vacate or modify. The limitation period starts to run from the date on which the judgment of conviction becomes final. Here, Jenkins's conviction became final on November 12, 2008, ninety days after the appellate court dismissed his appeal. *See Clay v. U.S.* 537 U.S. 522 (2003) (holding that a judgment becomes final for § 2255 purposes when the time for filing a petition of certiorari expires). The Seventh Circuit employs the "anniversary method" for calculating filing deadlines, *see United States v. Marcello*, 212 F.3d 1005, 1009 (7th Cir. 2000); thus, Jenkins had until November 12, 2009, to file his petition. His petition is clearly timely.

Relief under § 2255 is appropriate if a petitioner can show that there are errors in his conviction or sentence that are "jurisdictional, constitutional, or constitute[] a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted). If a petitioner does not raise an argument on direct appeal, he cannot first present the issue on collateral review "absent a showing of cause 'for the failure to advance the argument sooner and some showing of actual prejudice resulting from the alleged constitutional violation.'" *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). A § 2255 motion may not be used as either "a recapitulation of" or "a substitute for" a direct appeal. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir.1 996); accord *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) (stating that a § 2255 motion "is not to

Case 2:09-cv-00713-JPS   Filed 10/15/09   Page 2 of 5   Document 3

be used as a substitute for a direct appeal") (citing *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989)). Furthermore, a § 2255 petitioner may not raise: 1) issues, raised on direct appeal, absent some showing of new evidence or changed circumstance; 2) non-constitutional issues that could have been, but were not raised on direct appeal; or 3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the "procedural default" and actual prejudice from the failure to appeal. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

Jenkins raises several grounds for relief. It is, however, difficult to identify each insular ground, as well as each ground's supporting facts, because Jenkins refused to comply with Rule 2(c) of the Rules Governing Section 2255 Proceedings. As best the court can determine, Jenkins raises eleven grounds for relief, each alleging that counsel was ineffective. Jenkins alleges his counsel was ineffective for: 1) failing to determine whether Jenkins was eligible for a four-level enhancement under 2K2.1(b)(6) of the sentencing guidelines; 2) failing to file any pretrial motions; 3) failing to seek pretrial discovery; 4) failing to obtain transcripts of grand jury testimony; 5) failing to determine the identity of the confidential informant; 6) failing to properly challenge admissibility, under the present-sense-impression hearsay exception, of the confidential witness's testimony; 7) failing to permit Jenkins to speak on his own behalf at sentencing; 8) failing to call any of the witnesses Jenkins instructed counsel to call; 9) failing to review police reports; 10) failing to interview

Jenkins's girlfriend's brothers, who were at the residence at time the search warrant was executed; and 11) failing to object to the government's proffer of evidence regarding whether Jenkins "possessed" a firearm. Jenkins argues that for each of these reasons, he was denied the effective assistance of counsel, in violation of his Sixth Amendment rights.

Ineffective assistance of counsel claims may be brought in a § 2255 petition, regardless of whether the claim was raised on appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Morever, ineffective assistance of counsel claims are potential cognizable claims under § 2255. The court determines that before ruling on the merits of Jenkins's ineffective assistance of counsel claims, it is necessary that the government and Jenkins's trial counsel, Thomas Phillip and Krista Halla-Valdes, respond to the claims set forth in his petition and supporting brief.

Accordingly,

**IT IS ORDERED** that within 45 days this order, the government shall file a response to Jenkins's petition, specifically addressing the merits of his petition and supporting brief;

**IT IS FURTHER ORDERED** that within 45 days of this order, Attorneys Thomas Phillip and Krista Halla-Valdes are to file an affidavit with the court specifically detailing any information they have in regards to the claims Jenkins has set forth in the brief in support of Jenkins's petition;

-4-

Case 2:09-cv-00713-JPS    Filed 10/15/09    Page 4 of 5    Document 3

**IT IS FURTHER ORDERED** that within 30 days of the filing of the government's response, Jenkins shall file any replies.

Dated at Milwaukee, Wisconsin, this 15th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge